JOHN D. THOMAS v. CHARLES W. EDGERTON, CONSTABLE, ET AL.

FILED APRIL 3, 1894.  No. 4671.

1. **Constables:** APPROVAL OF INSUFFICIENT REPLEVIN BOND. In an action on the bond of a constable for having received and approved an insufficient undertaking in replevin in an action pending before a justice of the peace, the provisions of section 189 of the Code of Civil Procedure, requiring the defendant in re-

plevin, within twenty-four hours of the time of the giving of the undertaking referred to, to give notice to the sheriff that said defendant excepted to the sufficiency of the sureties on the replevin undertaking, is not applicable, and proof of such notice was improperly required as a condition precedent to a right of recovery upon the constable's bond.

2. The former decision, reported in 36 Neb., 254, overruled.

REHEARING of case reported in 36 Neb., 254.

*Bradley & De Lamatre,* for plaintiff in error.

*W. S. Felker, G. A. Rutherford* and *George H. Hastings, contra:*

Under similar statutes to ours, other courts have held that the officer was liable only where the defendant in replevin suit excepts to the sufficiency of the sureties on the bond. (*Westervelt v. Bell,* 19 Wend. [N. Y.], 531; *Wilson v. Williams,* 18 Wend. [N. Y.], 585; Cobbey, Replevin, sec. 695, and cases cited.)

RYAN, C.

There was filed in this cause on February 15, 1893, an opinion by MAXWELL, then chief justice of this court. In this opinion, reported in 36 Neb., on pages 254 *et seq.,* he made use of the following language: "This is an action brought by the plaintiff against Edgerton, who is a constable in the city of Omaha, and his sureties, for approving an insufficient undertaking given by one Helm in an action of replevin. The facts are substantially as follows: In December, 1886, one Olive Helm began an action in replevin against the plaintiff before a justice of the peace to recover the possession of certain goods to which she claimed the right of possession. The order of replevin was placed in the hands of Edgerton for service. He thereupon seized the goods and delivered them to Helm on the making and delivery to him of an undertaking signed by one J.

F. Clapp as surety.   The judgment in the replevin action was in favor of the plaintiff for the return of the goods or the value thereof, assessed at $90.   The goods could not be found, and it is alleged that Clapp is insolvent, and was known to Edgerton to be so when he approved the bond."   The judgment of the district court, in favor of the defendant, the constable, and his sureties, was affirmed on the former hearing in this court in which the above mentioned opinion was filed.   A rehearing was afterwards granted, in consequence of which the case is again presented for determination.

On the former hearing it was assumed that the failure of the defendants to give notice of exceptions to the sufficiency of the sureties on the replevin undertaking within twenty-four hours after the same was taken was a waiver, of all objections which might be made as to the sufficiency of such sureties.   The case presents no other question on rehearing.   Section 189 of the Code of Civil Procedure requires that the defendant, within twenty-four hours from the time the undertaking in replevin is taken, shall give notice to the sheriff that he excepts to the sufficiency of the sureties, but that if he fails to do so he must be deemed to have waived all objections to such sureties.   The following sections are found under the general provisions regulating the replevin of property :  Section 1085 is as follows:  "The provisions of this Code which are in their nature applicable, and in respect of which no special provision is made by statute, shall apply to the proceedings before justices of the peace."   This section is found under title 30 of the Code of Civil Procedure, which refers exclusively to the jurisdiction and mode of procedure before justices of the peace. Under the same title are found sections 1037 and 1040 of the aforesaid Code, which are in the following language:

"Sec. 1037.   The officer shall not deliver to the plaintiff, his agent or attorney, the property so taken, until there has been executed by one or more sufficient sureties of

the plaintiff a written undertaking to the defendant in at least double the value of the property taken, but in no case less than fifty dollars, to the effect that the plaintiff shall duly prosecute the action and pay all costs and damages which may be awarded against him."

"Sec. 1040. If the undertaking required by section 1037 be not given within twenty-four hours of the time of the taking of the property under said order, the officer shall return the property to the defendant; and if the officer deliver any property so taken to the plaintiff, his agent or attorney, or keep the same from the defendant without taking such security within the time aforesaid, or if he take insufficient security, he shall be liable to the defendant in damages."

The special feature of difference between the provisions of section 189 and those of sections 1037 and 1040, read together, is that no notice of exception is required of the defendant in the last named sections, while it is in section 189 expressly required to be given to the sheriff within the time fixed, otherwise objections must be deemed waived. The undertaking was approved in the replevin proceedings pending before the justice of the peace, and in respect thereto the special provisions of sections 1037 and 1040 applied and governed, rather than the general provisions contained in section 189. There was, therefore, no requirement of notice of exception to the sufficiency of the sureties, and it was error to require proof of compliance in this respect with the provisions of section 189 to entitle plaintiff in this action to a judgment. The judgment of the district court is

REVERSED.

POST, J., not sitting.