HERMAN BUSCH V. MOLINE, MILBURN & STODDARD COM-
PANY ET AL.

FILED JUNE 15, 1897.   No. 7373.

1. **Replevin: Bond: Notice of Exception.** Section 189 of the Code of
   Civil Procedure, requiring defendant in replevin to give notice
   that he excepts to the sufficiency of a replevin bond, is not appli-
   cable to such a bond taken by a constable in an action pending be-
   fore a justice of the peace. *Thomas v. Edgerton*, 40 Neb., 25, fol-
   lowed.

2. ———: ———: **Approval: Liability of Constable.** Under section
   1040 of said Code, a constable who takes insufficient security on an
   undertaking in replevin is liable in damages to the defendant in the
   action in which the same is taken.

3. ———: ———: ———: ———. Evidence examined in this case, and
   *held* not to establish that the officer accepted insufficient security.

ERROR from the district court of Douglas county.
Tried below before BLAIR, J.   *Reversed.*

*Charles W. Haller*, for plaintiff in error.

*G. A. Rutherford, contra.*

NORVAL, J.

This was an action upon a constable's bond by the
Moline, Milburn & Stoddard Company against Paul Stein
and others, to recover damages caused by Stein's ap-
proval, as constable, of an insufficient undertaking in an
action of replevin. There was a dismissal by the plaintiff
without prejudice as to Thomas H. Price, one of the sure-
ties, and upon a trial to the court, judgment was entered
against Stein and Herman Busch, the remaining defend-
ants.   Busch alone has prosecuted error proceedings.

There is no controversy over the facts, which may be
summarized as follows: During 1891 plaintiff below re-
covered two judgments before a justice of the peace
within and for Douglas county against J. H. Wood, one
for $43.50 and the other for the sum of $199.63, besides
costs.   An execution was issued on each of said judg-

ments and placed in the hands of constable S. B. Clark for service, who levied the writs upon a two-story brick building situate on leased grounds, and on the following day the said Wood instituted an action of replevin against Clark before A. J. Hart, a justice of the peace, to recover said building. A writ of replevin was issued by said justice and delivered to Paul Stein, a constable, who took the property into his possession and duly appraised the same at $300. An undertaking in replevin was executed on behalf of Wood, which was approved by Stein, as constable, and the possession of the property was thereupon delivered by him to said Wood. The replevin action was certified by the justice to the district court for the reason the appraised value of the property exceeded the jurisdiction of a justice of the peace, where upon the trial judgment was rendered in favor of Clark, the defendant therein, and against Wood, in the alternative, for a return of the property or its value assessed at $304.08. Subsequently, execution was issued upon said judgment, which was returned by the sheriff unsatisfied for want of property whereon to levy the writ, and thereafter Clark assigned and transferred said judgment to the Moline, Milburn & Stoddard Company. The latter brought suit in the county court of Douglas county and recovered judgment on the said undertaking in replevin against said Wood, as principal, and one Albert Sullivan, as surety, for the sum of $312.58 and costs. Execution on this judgment was issued, which was likewise returned *nulla bona*. Thereupon the present action was instituted in the court below.

The first argument advanced for the reversal of the cause is that there is no liability on the official bond of the constable Stein for the approval of the replevin undertaking, since no objections were made to the sufficiency of the sureties thereon within twenty-four hours after the undertaking was given. This court had a similar question before it for consideration in *Thomas v. Edgerton*, 40 Neb., 25, where, in an opinion by RYAN, C., construing

sections 189, 1037, 1040, and 1085, of the Code of Civil Procedure, it was held that said section 189, requiring defendant in replevin to give notice that he excepts to the sufficiency of a replevin undertaking, is not applicable to such a bond taken by a constable in an action before a justice of the peace, but that a constable is liable in damages if he take insufficient surety on such a bond, whether excepted to or not. We adhere to that decision, and the same will be followed in the case at bar. That the appraised value of the property replevied exceeded the jurisdiction of a justice's court cannot possibly take the case out of the rule stated in the case of *Thomas v. Edgerton, supra.* The legislature has not made any distinction as to the liability of a constable for approving an insufficient replevin undertaking in actions before justices of the peace, between cases where the appraised value of the property exceeds $200, and those where the appraisement is for a less sum, and the courts have no right so to do. The taking and approval of the bond by the constable were within the scope of his office, and he and the sureties on his official bond are answerable for any damages resulting from the approval of an insufficient undertaking.

The evidence fails to sustain the judgment, for the reason it is not disclosed that the constable accepted insufficient sureties on the replevin bond. The return *nulla bona* of the execution issued on the judgment recovered on the replevin undertaking is evidence of insolvency at that time of Wood and Sullivan, but it did not establish that the surety on the replevin bond was insufficient when it was accepted and approved. The burden was upon plaintiff to establish that insufficient security was taken by the constable. There not being a particle of proof in the record to show that Albert Sullivan, the surety on the replevin bond, was not solvent and ample surety when the replevin undertaking was given, the judgment under review must be reversed, and the cause remanded.

REVERSED AND REMANDED.